IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

_____

GEORGE O'DELL,

                         Plaintiff,

                                              Civil Action No.
              v.                              9:13-CV-0935 (MAD/DEP)

KRISTIN M. WOODLOCK, *et al.*,

                         Defendants.

_____

APPEARANCES:                        OF COUNSEL:

FOR PLAINTIFF:

GEORGE O'DELL, *Pro Se*
83271-051
St. Lawrence Psychiatric Center
1 Chimney Point Drive
Ogdensburg, NY 13669

FOR DEFENDANTS:

HON. ERIC T. SCHNEIDERMAN          COLLEEN D. GALLIGAN, ESQ.
New York State Attorney General    Assistant Attorney General
State of New York
The Capitol
Albany, NY 12224

DAVID E. PEEBLES
U.S. MAGISTRATE JUDGE

# REPORT AND RECOMMENDATION

*Pro se* plaintiff George O'Dell, who is civilly confined to the St. Lawrence Psychiatric Center, has brought this action against the Acting Commissioner of the New York State Office of Mental Health ("OMH") and eight other OMH employees, pursuant to 42 U.S.C. § 1983, alleging that his civil rights were violated by the defendants. Plaintiff's claims stem from alleged assaults committed by OMH employees in April and June of 2012.

Currently pending before the court is a motion brought by the defendants requesting the entry of partial summary judgment dismissing plaintiff's claims against the Acting Commissioner and four other supervisory OMH defendants, as well as all damage claims against the defendants in their official capacities. In support of their motion, the defendants argue that the five OMH Supervisory employees sued were not personally involved in the alleged constitutional deprivations, and, in any event, are entitled to qualified immunity from suit. For the reasons set forth below, I recommend that defendants' motion be granted.

I.    BACKGROUND[1]

Although plaintiff now resides at the St. Lawrence Psychiatric Center, at the times relevant to this action he was a resident of the Central New York Psychiatric Center ("CNYPC" or "Center'), a facility operated by the OMH. *See generally* Dkt. No. 1. Plaintiff's confinement in those facilities is the result of a sex-related criminal conviction, and, pursuant to Article 10 of the New York Mental Hygiene Law, a requirement that he undergo sex offender treatment. *Id.*; *see also* Dkt. No. 24-4 at 8-9.

In his complaint, plaintiff alleges that on Saturday, April 16, 2012, he was assaulted in a side room at the CNYPC by defendants Daniel Geraty and Nicholas Hollenbeck, both of whom are secure care treatment aides ("SCTA") at the Center.[2] Dkt. No. 1-2 at 1-2. Plaintiff's complaint also alleges that he was assaulted again on June 9, 2012, and yet again on June 11, 2012.[3] Dkt. No. 1 at 7. According to plaintiff, defendants Michael

---

[1]    In light of the procedural posture of the case, the following recitation is derived from the record now before the court, with all inferences drawn and ambiguities resolved in plaintiff's favor. *Terry v. Ashcroft*, 336 F.3d 128, 137 (2d Cir. 2003).

[2]    During his deposition, plaintiff testified that this incident could have occurred on April 14, 2012. Dkt. No. 24-4 at 37.

[3]    Plaintiff attached handwritten reports of these three incidents to his complaint. Dkt. No. 1 at 10-12; Dkt. No. 1-2 at 2-5; Dkt. No. 1-3 at 1-5; Dkt. No. 1-4 at 1-2. Although defendants suggest that plaintiff intended to assert claims arising only from events occurring on April 16, 2012, and June 9, 2012, after carefully reviewing the handwritten reports attached to plaintiff's complaint, I do not necessarily agree. The handwritten reports dated June 11, 2012 (Dkt. No. 1 at 10-12) and the reports

Henderson and Brandan Liggins, both SCTAs, participated in the assault against plaintiff on June 9, 2012. Dkt. No. 1-3 at 1-5. Plaintiff's complaint does not implicate any specific individual in the incident that allegedly took place on June 11, 2012. Dkt. No. 1 at 10-12; Dkt. No. 1-4 at 1-2.

With respect to the other named defendants, liberally construed, plaintiff's complaint alleges that they investigated the incidents and "found nothing." Dkt. No. 1-2 at 5. At his deposition, plaintiff testified that he sued defendants Kristin Woodlock, the Acting Commissioner of OMH; Maureen Bosco, the Executive Director of CNYPC; Terri Maxymillian, the Director of Treatment Services of the Sex Offender Treatment Program at CNYPC; and Jeffrey Nowicki, the Chief of Mental Health Treatment at CNYPC based on their roles as supervisors. Dkt. No. 24-4 at 121-23, 125, 127. Plaintiff also testified at his deposition that, although he named James Morgan, a former Treatment Team Leader at CNYPC, as a defendant, Morgan was not employed at the CNYPC in 2012. *Id.* at 128.

---

purporting to explain an incident occurring on June 11, 2012 (Dkt. No. 1-4 at 1-2) describe substantially the same incident. The description of this incident, however, is materially different than the handwritten reports purportedly recounting the events of June 9, 2012. Dkt. No. 1-3 at 1-5. Inexplicably, however, the reports purportedly describing the incident on June 11, 2012, indicate that it occurred "[o]n [a] Saturday," but June 11, 2012 was a Monday. Dkt. No. 1 at 11. For purposes of the instant motion, however, I need not resolve this potential discrepancy.

II.    <u>PROCEDURAL HISTORY</u>

Plaintiff commenced this action on August 7, 2013, and applied for and was granted leave to proceed *in forma pauperis*. Dkt. Nos. 1-3. Issue was joined by the filing of an answer on behalf of the nine named defendants on November 6, 2013. <u>Dkt. No. 17</u>.

On June 5, 2014, following the close of discovery, defendants filed a motion for the entry of partial summary judgment. <u>Dkt. No. 24</u>. In their motion, defendants request dismissal of plaintiff's claims against defendants Woodlock, Bosco, Nowicki, Maxymillian, and Morgan based on the absence of any evidence demonstrating their personal involvement in any of the alleged constitutional violations. <u>Dkt. No. 24-2 at 4-6</u>. Alternatively, defendants contend that defendants Woodlock, Bosco, Nowicki, Maxymillian, and Morgan are entitled to dismissal based upon qualified immunity. *Id.* at 6-9. In addition, all defendants seek dismissal of any damage claims asserted against them in their official capacities. *Id.* at 9. Plaintiff has since responded, indicating his agreement to the entry of the partial summary judgment sought dismissing his claims against the five supervisory defendants. <u>Dkt. No. 30 at 1</u>. In his opposition, however, plaintiff reaffirms his intention to pursue the claims in this action asserted against the remaining four SCTA defendants, and does not address the

portion of defendants' motion seeking dismissal of damage claims against them in their official capacities. *Id.*

Defendants' motion, which is now fully briefed, has been referred to me for the issuance of a report and recommendation, pursuant to 28 U.S.C. § 636(b)(1)(B) and Northern District of New York Local Rule 72.3(c). *See* Fed. R. Civ. P. 72(b).

III.   DISCUSSION

A.   Summary Judgment Standard

Summary judgment motions are governed by Rule 56 of the Federal Rules of Civil Procedure. Under that provision, the entry of summary judgment is warranted "if the movant shows that there is no genuine dispute as to any material facts and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986); *Sec. Ins. Co. of Hartford v. Old Dominion Freight Line, Inc.*, 391 F.3d 77, 82-83 (2d Cir. 2004). A fact is "material" for purposes of this inquiry, if it "might affect the outcome of the suit under the governing law." *Anderson*, 477 U.S. at 248; *see also Jeffreys v. City of New York*, 426 F.3d 549, 553 (2d Cir. 2005). A material fact is genuinely in dispute "if the

evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248.

A party moving for summary judgment bears an initial burden of demonstrating that there is no genuine dispute of material fact to be decided with respect to any essential element of the claim in issue, and the failure to meet this burden warrants denial of the motion. *Anderson*, 477 U.S. at 250 n.4; *Sec. Ins. Co.*, 391 F.3d at 83. In the event this initial burden is met, the opposing party must show, through affidavits or otherwise, that there is a material dispute of fact for trial. Fed. R. Civ. P. 56(e); *Celotex*, 477 U.S. at 324; *Anderson*, 477 U.S. at 250.

When deciding a summary judgment motion, a court must resolve any ambiguities, and draw all inferences, in a light most favorable to the nonmoving party. *Anderson*, 477 U.S. at 255; *Jeffreys*, 426 F.3d at 553; *Wright v. Coughlin*, 132 F.3d 133, 137-38 (2d Cir. 1998). The entry of summary judgment is justified only in the event of a finding that no reasonable trier of fact could rule in favor of the non-moving party. *Bldg. Trades Employers' Educ. Ass'n v. McGowan*, 311 F.3d 501, 507-08 (2d Cir. 2002); *see also Anderson,* 477 U.S. at 250 (finding summary judgment appropriate only when "there can be but one reasonable conclusion as to the verdict").

B.    Personal Involvement

In their motion, defendants contend there is no record evidence from which a reasonable factfinder could conclude that defendants Woodlock, Bosco, Nowicki, Maxymillian, and Morgan were personally involved in the alleged constitutional violations. Dkt. No. 24-2 at 4-6. Plaintiff has consented to the dismissal of these defendants from the action. Dkt. No. 30 at 1.

"Personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under [section] 1983." *Wright v. Smith*, 21 F.3d 496, 501 (2d Cir. 1994) (citing *Moffitt v. Town of Brookfield*, 950 F.2d 880, 885 (2d Cir. 1991); *McKinnon v. Patterson*, 568 F.2d 930, 934 (2d Cir. 1977)). As the Supreme Court has noted, a defendant may only be held accountable for his actions under section 1983. *See Iqbal*, 556 U.S. at 683 ("[P]etitioners cannot be held liable unless they themselves acted on account of a constitutionally protected characteristic."). To prevail on a section 1983 cause of action against an individual, a plaintiff must show "a tangible connection between the acts of a defendant and the injuries suffered." *Bass v. Jackson*, 790 F.2d 260, 263 (2d Cir. 1986). "To be sufficient before the law, a complaint must state precisely who did what and how such behavior is actionable

under law." *Hendrickson v. U.S. Attorney Gen.*, No. 91-CV-8135, 1994 WL 23069, at *3 (S.D.N.Y. Jan. 24, 1994).[4]

As supervisory employees, the five defendants implicated in the pending motion cannot be held liable for damages under section 1983 solely by virtue of being a supervisor, "and [liability] cannot rest on *respondeat superior.*" *Richardson v. Goord*, 347 F.3d 431, 435 (2d Cir. 2003); *Wright*, 21 F.3d at 501. To establish responsibility on the part of a supervisory official for a civil rights violation, a plaintiff must demonstrate that the individual (1) directly participated in the challenged conduct; (2) after learning of the violation through a report or appeal, failed to remedy the wrong; (3) created or allowed to continue a policy or custom under which unconstitutional practices occurred; (4) was grossly negligent in managing the subordinates who caused the unlawful event; or (5) failed to act on information indicating that unconstitutional acts were occurring. *Iqbal v. Hasty*, 490 F.3d 143, 152-53 (2d Cir. 2007), *rev'd on other grounds sub nom. Ashcroft v. Iqbal*, 556 U.S. 554 (2009); *see also Richardson*, 347 F.3d at 435; *Colon v. Coughlin,* 58 F.3d 865, 873 (2d Cir. 1995); *Wright*, 21 F.3d at 501.

---

[4]     Copies of all unreported decisions cited to in this report have been appended for the convenience of the *pro se* plaintiff.

Plaintiff's complaint does not allege any affirmative conduct on the part of the five OMH supervisory employees in the assaults that are at the center of his complaint. *See generally* Dkt. No. 1. Instead, he testified at his deposition that he sued defendants Woodlock, Bosco, Nowicki, and Maxymillian based upon their roles as supervisors. Dkt. No. 24-4 at 121-23,125, 127. As was noted above, this is not a sufficient basis for liability under section 1983. *Richardson*, 347 F.3d at 435. Turning to defendant Morgan, plaintiff admitted that defendant Morgan was not employed at the CNYPC during 2012, and there is no other record evidence regarding this defendant or his involvement in the alleged constitutional violations. Dkt. No. 24-4 at 128.

For these reasons, and given plaintiff's agreement to dismiss the claims now implicated, I recommend that defendants' motion be granted, and that plaintiff's claims against defendants Woodlock, Bosco, Nowicki, Maxymillian, and Morgan be dismissed.[5]

C.    Eleventh Amendment

In his complaint, plaintiff does not specify whether he is suing the defendants, all of whom are OMH employees, in their individual or official capacities, or both. Dkt. No. 1 at 2-5. In their motion, defendants assert

---

[5]    In light of this recommendation, I have not addressed defendants' alternative ground for dismissal based upon qualified immunity.

that, to the extent his complaint could be construed as asserting damage claims against them in their official capacities, they are all entitled to immunity from such claims. Dkt. No. 24-2 at 9.

The Eleventh Amendment protects a state against suits brought in federal court by "private parties seeking to impose a liability which must be paid from public funds in the state treasury." *Edelman v. Jordan*, 415 U.S. 651, 662-63 (1974); *Cory v. White*, 457 U.S. 85, 90-91 (1982); *Ying Jing Gan v. City of N.Y.*, 996 F.2d 522, 529 (2d Cir. 1993). This absolute immunity, which states enjoy under the Eleventh Amendment, extends to both state agencies and state officials sued for damages in their official capacities when the essence of the plaintiff's claim seeks recovery from the state as the real party in interest. *See, e.g., Daisernia v. State of N.Y.*, 582 F. Supp. 792, 798-99 (N.D.N.Y. 1984) (McCurn, J.) ("[A] suit which seeks a money judgment 'which must be paid from the state treasury is barred by the Eleventh Amendment,' even though it is nominally asserted against an individual official." (quoting *Edelman*, 415 U.S. at 663)); *see also Richards v. State of N.Y. App. Div., Second Dep't*, 597 F. Supp. 689, 691 (E.D.N.Y. 1984) (*citing, inter alia, Cory v. White*, 457 U.S. 85, 89-91, (1982)). "To the extent that a state official is sued for damages in his official capacity, such a suit is deemed to be a suit against the state, and

the official is entitled to invoke the Eleventh Amendment immunity belonging to the state." *Ying Jing Gan*, 996 F.2d at 529; *see also Hafer v. Melo*, 502 U.S. 21, 25 (1991) ("Suits against state officials in their official capacity therefore should be treated as suits against the State.").

Any damage claims in this action asserted against the named-defendants in their official capacities would, in reality, represent claims against the State of New York, and therefore would be subject to dismissal. *Daisernia*, 582 F. Supp. at 798-99. Accordingly, I recommend that, to the extent that any of the damage claims raised in plaintiff's complaint are asserted against any of the named-defendants in their official capacities, those claims be dismissed with prejudice.

IV.    SUMMARY AND RECOMMENDATION

The record now before the court is devoid of any evidence suggesting that defendants Woodlock, Bosco, Nowicki, Maxymillian, and Morgan were personally involved in the constitutional violations alleged in plaintiff's complaint. Accordingly, and with plaintiff's consent, I recommend that the claims against those defendants be dismissed. I further recommend dismissal of plaintiff's damage claims against the remaining defendants in their official capacities based upon the immunity afforded under the Eleventh Amendment.

Based upon the foregoing, it is hereby respectfully

RECOMMENDED that defendants' motion for summary judgment

([Dkt. No. 24](#)) be GRANTED, and that all claims against defendants Kristin

Woodlock, Maureen Bosco, Jeffery Nowicki, Terri Maxymillian, and James

Morgan, as well as all damage claims against the remaining four

defendants in their official capacities, be DISMISSED.

NOTICE: Pursuant to 28 U.S.C. § 636(b)(1), the parties may lodge

written objections to the foregoing report. Such objections must be filed

with the clerk of the court within FOURTEEN days of service of this report.

FAILURE TO SO OBJECT TO THIS REPORT WILL PRECLUDE

APPELLATE REVIEW. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(d),

72; *Roldan v. Racette*, 984 F.2d 85 (2d Cir. 1993).

It is hereby ORDERED that the clerk of the court serve a copy of this

report and recommendation upon the parties in accordance with this

court's local rules.

Dated:      January 5, 2015
            Syracuse, New York

David E. Peebles
U.S. Magistrate Judge

Not Reported in F.Supp., 1994 WL 23069 (S.D.N.Y.)
**(Cite as: 1994 WL 23069 (S.D.N.Y.))**



Only the Westlaw citation is currently available.

United States District Court, S.D. New York.
Dale HENDRICKSON, Plaintiff,
v.
UNITED STATES ATTORNEY GENERAL, G.L.
Hershberger, United States Bureau of Prisons, Gary
Morgan, Pamela Ashline, Kenneth Walicki, Hulet
Keith, Otisville Medical Department, Defendants.

No. 91 CIV. 8135.
Jan. 24, 1994.

MEMORANDUM AND ORDER
McKENNA, District Judge.

**\*1** On December 4, 1991, pro se plaintiff Dale Hendrickson ("Plaintiff" or "Hendrickson"), an inmate then in confinement at the Federal Correctional Institution in Otisville, New York ("Otisville"), filed this action for injunctive relief and damages based upon alleged violations of his rights under the United States Constitution, Amendments I, IV, V, VI, IX, and XIII, and upon violations of various laws and/or regulations governing prison administration.[FN1] The Complaint named as defendants G.L. Hershberger ("Hershberger"), the United States Attorney General ("Attorney General"), Gary Morgan ("Morgan"), Pamela Ashline ("Ashline"), Kenneth Walicki ("Walicki"), Hulett Keith ("Keith"), the Bureau of Prisons ("BOP"), and the Otisville Medical Department ("OTV Medical Department") (collectively "Defendants"). Defendants moved for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure, or, in the alternative, for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. For the reasons set out below, Defendants' Rule 12(c) motion is granted.

I.

Defendants move to dismiss Plaintiff's Complaint, pursuant to Rule 12(c) of the Federal Rules of Civil Procedure, for failure to state a claim upon which relief can be granted. Rule 12(c) provides:

After the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings. If, on a motion for judgment on the pleadings, matters outside the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56.

Fed.R.Civ.P. 12(c). "[T]he same standards that are employed for dismissing a complaint for failure to state a claim under Fed.R.Civ.P. 12(b)(6) are applicable" to a Rule 12(c) motion to dismiss for failure to state a claim upon which relief can be granted. *See Ad–Hoc Comm. of the Baruch Black & Hispanic Alumni Ass'n v. Bernard M. Baruch College,* 835 F.2d 980, 982 (2d Cir.1987); *see also Viacom Int'l. Inc. v. Time, Inc.,* 785 F.Supp. 371, 375 n. 11 (S.D.N.Y.1992); 5A Charles Wright and Arthur R. Miller, *Federal Practice and Procedure* ¶ 1367, at 515–16 (1990). Thus, the Court must read the Complaint generously, drawing all reasonable inferences from the complainant's allegations. *See California Motor Transp. v. Trucking Unlimited,* 404 U.S. 508, 515 (1972). Moreover, "consideration is limited to the factual allegations in [the] amended complaint, which are accepted as true, to documents attached to the complaint as an exhibit or incorporated in it by reference, to matters of which judicial notice may be taken, or to documents either in plaintiff['s] possession or of which plaintiff[ ] had knowledge and relied on in bringing suit." *Brass v. American Film Technologies, Inc.,* 987 F.2d 142 (2d Cir.1993); *accord Allen v. Westpoint–Pepperell, Inc.,* 945 F.2d 40, 44 (2d Cir.1991); *Cortec Indus., Inc. v. Sum Holding L.P.,* 949 F.2d 42, 47–48 (2d Cir.1991), *cert. denied,* 112 S.Ct. 1561 (1992); *Frazier v. General Elec. Co.,* 930 F.2d 1004, 1007 (2d Cir.1991). Defendants, therefore, are entitled to dismissal for failure to

© 2014 Thomson Reuters. No Claim to Orig. US Gov. Works.

Not Reported in F.Supp., 1994 WL 23069 (S.D.N.Y.)
**(Cite as: 1994 WL 23069 (S.D.N.Y.))**

state a claim only if the Court finds beyond a doubt that "plaintiff can prove no set of facts" to support the claim that plaintiff is entitled to relief. *See Conley v. Gibson,* 355 U.S. 41, 45–46 (1957).

**\*2** Because the 3(g) statement and declarations submitted to this Court by Defendants have not been considered and are hereby excluded from the record, the Court renders its judgment on the pleadings pursuant to Rule 12(c).

## II.

Drawing all inferences in favor of the Plaintiff, *Miller v. Polar Molecular Corp.,* 12 F.3d 1170, 1993 WL 527434 (2d Cir.), the facts are as follows.

During Hendrickson's confinement at Otisville, certain video tapes which had been supplied to him by the government were "systematically and maliciously confiscated"; audio tapes and legal materials also were removed from Plaintiff's possession while he was a pre-trial detainee at Otisville. In retaliation for his bringing legal materials into the Otisville compound area, Plaintiff claims, he was placed in administrative detention. Compl. at 1 (presumably ¶ A.)

Hendrickson also claims at various times to have been wrongly isolated from the general prison population based on alleged and allegedly erroneous OTV Medical Department claims that he had tuberculosis. *Id.* ¶ B. During these periods of medical confinement, Hendrickson claims that the "4A unit team" denied him personal visits, his right to send mail, and telephone communications and consultations necessary to his legal representation. *Id.* ¶ C.

Hendrickson claims that as part of his medical confinement he was "subjected to ruthless and inhumane [d]isciplinary action from the D[isciplinary] H [earing] O[fficer]," and was for 15 days placed in administrative detention and for 30 days deprived of commissary, visitation, and phone privileges. *Id.* ¶ D.

Hendrickson further alleges that commissary items that he had in his possession before entering medical confinement were wrongly confiscated from him, and while in such confinement he was assaulted and searched by the "OTV Riot Squad." *Id.* ¶ E. In addition, he claims, commissary receipts, as well as legal documents and other legal materials were confiscated from him. *Id.* ¶ F.

## III.

Defendants argue that Plaintiff fails to state a claim for which relief may be granted. Of course, in considering a pro se pleading, the Court takes into consideration the special circumstances of pro se litigants. As the Second Circuit has often noted, "special solicitude should be afforded pro se litigants generally, when confronted with motions for summary judgment." *Graham v. Lewinski,* 848 F.2d 342, 344 (2d Cir.1988); *accord, e.g., Sellers v. M.C. Floor Crafters, Inc.,* 842 F.2d 639, 642 (2d Cir.1988); *Beacon Enters., Inc. v. Menzies,* 715 F.2d 757, 767 (2d Cir.1983). We apply the same solicitous standard to the instant motion to dismiss.

Plaintiff, however, has failed to present to this Court either a colorable theory of violation of legal duties or facts to support a claim that might be inferred from the pleadings. Even assuming the truth of Plaintiff's allegations, the Court is left without a cognizable claim before it.

**\*3** At the outset, the Court notes that to the extent that the Complaint seeks injunctive relief from conditions of Plaintiff's treatment while at Otisville as a pre-trial detainee, the claim is now moot as Plaintiff has since been transferred to the United States Penitentiary in Lompoc, California following his conviction at trial. Hendrickson's Complaint also fails to the extent that it seeks damages from the United States government or government officials in their official capacity. Because the United States government enjoys sovereign immunity, it can be sued only to the extent it so consents. *United States v. Mitchell,* 445 U.S. 535, 538 (1980) (quoting *U.S. v. Sherwood,* 312 U.S. 584, 586 (1941)). No such immunity has been waived in

© 2014 Thomson Reuters. No Claim to Orig. US Gov. Works.

Not Reported in F.Supp., 1994 WL 23069 (S.D.N.Y.)
**(Cite as: 1994 WL 23069 (S.D.N.Y.))**

suits for damages arising from constitutional violations. *Keene Corp. v. United States,* 700 F.2d 836, 845 n. 13 (2d Cir.), *cert. denied,* 464 U.S. 864 (1983). Thus, the only possible redress remaining available to Plaintiff for the harms alleged is a *Bivens* action [FN2] against government officials in their personal capacities for actions taken under the color of governmental authority.

As Defendants point out, however, Plaintiff has nowhere, other than in the caption of the Complaint, mentioned by name any of the individual named Defendants. Defs.' Mem.Supp.Mot.Dismiss or Summ.Jt. at 2. It is true that Plaintiff did in the body of the Complaint name the "4A Unit Team," the "DHO," and the "OTV Riot Squad," but these designations of group actions undifferentiated as to individuals and of official titles unconnected to any individual names do not allege the actionable *individual* behavior necessary to sustain a *Bivens* claim.

In a *Bivens* action, where Defendants are sued in their personal capacities, actionable behavior must be alleged as to individuals. *See, e.g., Ostrer v. Aronwald,* 567 F.2d 551, 553 (2d Cir.1977); *Barbera v. Smith,* 836 F.2d 96, 99 (2d Cir.1987), *cert. denied,* 489 U.S. 1065 (1989). A complaint that fails to make any specific factual allegations of "direct and personal responsibility on the part of any of the named defendants in regard to the loss of any of [plaintiff's] property" must be dismissed. *Lee v. Carlson,* 645 F.Supp. 1430, 1436 (S.D.N.Y.1986).

More importantly, the light in which a pro se complaint may be considered does not burn so brightly as to blind the court as to the rights of defendants who are entitled to have claims against them alleged with sufficient clarity to make possible a defense. Even in a pro se complaint, claims must "specify in detail the factual basis necessary to enable [defendants] intelligently to prepare their defense ..." *Ostrer v. Aronwald,* 567 F.2d 551, 553 (2d Cir.1977). Otherwise, blameless parties would be subject to damages claims for free-floating innuendo. To be sufficient before the law, a complaint

must state precisely who did what and how such behavior is actionable under law. Although the Court may make special efforts to understand the underlying claim of a vague, confusing, or poorly crafted pro se complaint that it would not undertake in connection with a claim prepared by legal counsel, it cannot do so to the extent that this would work an injustice to defendants, whose rights also must be protected. A defendant who is alleged to be liable for his actions has a right to have the claims against him spelled out with a basic degree of clarity and particularity. *See supra* at 7. Although some of the harms alleged by Plaintiff might conceivably be of some substance, the Court cannot understand from the documents before it which defendants are alleged to have participated in which allegedly actionable behavior. The Court cannot on such a basis subject a party to potential liability. *See* Defs' Mot. at 9, 10.

*Summary and Order*

**\*4** For the reasons stated, Plaintiff has failed to plead a colorable case. Defendants' motion to dismiss is granted.

> FN1. The Complaint states only that "Bureau of Prison institutional Law" was violated; subsequent documents filed by Plaintiff imply the violation of specific prison policies. *See, e.g.,* Letter from Hendrickson to Judge McKenna of 10/13/93 at 2 (citing BOP Policy Statement 1315.3 purportedly concerning prisoner access to legal materials while in administrative detention).

> FN2. *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics,* 403 U.S. 388 (1971).

S.D.N.Y.,1994.
Hendrickson v. U.S. Atty. Gen.
Not Reported in F.Supp., 1994 WL 23069 (S.D.N.Y.)

© 2014 Thomson Reuters. No Claim to Orig. US Gov. Works.

Not Reported in F.Supp., 1994 WL 23069 (S.D.N.Y.)
**(Cite as: 1994 WL 23069 (S.D.N.Y.))**

END OF DOCUMENT

© 2014 Thomson Reuters. No Claim to Orig. US Gov. Works.