**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**
_____

**GEORGE O'DELL,**

                          **Plaintiff,**

  vs.                                               **9:13-cv-00935
(MAD/DEP)**

**KRISTIN M. WOODLOCK, ET AL.,**

                          **Defendants.**
_____

**APPEARANCES:**                         **OF COUNSEL:**

**GEORGE O'DELL
83271-051**
St. Lawrence Psychiatric Center
1 Chimney Point Drive
Ogdensburg, New York 13669
Plaintiff *pro se*

**OFFICE OF THE NEW YORK**          **COLLEEN D. GALLIGAN, AAG**
**STATE ATTORNEY GENERAL**
The Capitol
Albany, New York 12224
Attorney for Defendants

**Mae A. D'Agostino, U.S. District Judge:**

## ORDER

Plaintiff *pro se* George O'Dell (hereinafter "Plaintiff"), who is civilly confined to the St. Lawrence Psychiatric Center, commenced this action against the Acting Commissioner of the New York State Office of Mental Health ("OMH") and eight other OMH employees (hereinafter "Defendants"), pursuant to 42 U.S.C. § 1983, alleging that his civil rights were violated by Defendants. *See* Dkt. No. 1. Plaintiff's claims stem from alleged assaults committed by OMH employees in April and June of 2012. *Id.*

On June 5, 2014, Defendants filed a motion for partial summary judgment. *See* Dkt. No. 24. Plaintiff responded to Defendants' motion on July 17, 2014. *See* Dkt. No. 30. In a January 5, 2015 Report and Recommendation, Magistrate Judge Peebles recommended that the Court grant Defendants' motion. *See* Dkt. No. 31. Specifically, Magistrate Judge Peebles recommended that the Court grant Defendants' motion and dismiss "Plaintiff's claims against [D]efendants Woodlock, Bosco, Nowicki, Maxymillian, and Morgan" due to a lack of personal involvement. Dkt. No. 31 at 10. Further, Magistrate Judge Peebles recommended that the Court grant Defendants' motion and dismiss Plaintiff's complaint as "asserted against any of the named-[D]efendants in their official capacities" with prejudice. *Id.* at 12. Neither party objected to the Report and Recommendation.

When a party files specific objections to a magistrate judge's report-recommendation, the district court makes a "*de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1) (2006). However, when a party files "[g]eneral or conclusory objections or objections which merely recite the same arguments [that he presented] to the magistrate judge," the court reviews those recommendations for clear error. *O'Diah v. Mawhir*, No. 9:08-CV-322, 2011 WL 933846, *1 (N.D.N.Y. Mar. 16, 2011) (citations and footnote omitted). After the appropriate review, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1) (2006).

A litigant's failure to file objections to a magistrate judge's report-recommendation, even when that litigant is proceeding *pro se*, waives any challenge to the report on appeal. *See Cephas v. Nash*, 328 F.3d 98, 107 (2d Cir. 2003) (holding that, "[a]s a rule, a party's failure to object to any purported error or omission in a magistrate judge's report waives further judicial review of the

2

point" (citation omitted)). A *pro se* litigant must be given notice of this rule; notice is sufficient if it informs the litigant that the failure to timely object will result in the waiver of further judicial review and cites pertinent statutory and civil rules authority. *See Frank v. Johnson*, 968 F.2d 298, 299 (2d Cir. 1992); *Small v. Sec'y of Health & Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989) (holding that a *pro se* party's failure to object to a report and recommendation does not waive his right to appellate review unless the report explicitly states that failure to object will preclude appellate review and specifically cites 28 U.S.C. § 636(b)(1) and Rules 72, 6(a) and former 6(e) of the Federal Rules of Civil Procedure).

A court may grant a motion for summary judgment only if it determines that there is no genuine issue of material fact to be tried and that the facts as to which there is no such issue warrant judgment for the movant as a matter of law. *See Chambers v. TRM Copy Ctrs. Corp.*, 43 F.3d 29, 36 (2d Cir. 1994) (citations omitted). When analyzing a summary judgment motion, the court "cannot try issues of fact; it can only determine whether there are issues to be tried." *Id.* at 36-37 (quotation and other citation omitted). Moreover, it is well-settled that a party opposing a motion for summary judgment may not simply rely on the assertions in its pleadings. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986) (quoting Fed. R. Civ. P. 56(c) (e)).

In assessing the record to determine whether any such issues of material fact exist, the court is required to resolve all ambiguities and draw all reasonable inferences in favor of the nonmoving party. *See Chambers*, 43 F.3d at 36 (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255, 106 S. Ct. 2502, 2513-14, 91 L. Ed. 2d 202 (1986)) (other citations omitted). Where the non-movant either does not respond to the motion or fails to dispute the movant's statement of material facts, the court may not rely solely on the moving party's Rule 56.1 statement; rather the court must be satisfied that the citations to evidence in the record support the movant's assertions.

3

*See Giannullo v. City of N.Y.*, 322 F.3d 139, 143 n.5 (2d Cir. 2003) (holding that not verifying in the record the assertions in the motion for summary judgment "would derogate the truth-finding functions of the judicial process by substituting convenience for facts").

Having reviewed the Report and Recommendation and the parties' submissions, the Court finds that Magistrate Judge Peebles correctly determined that the Court should grant Defendants' motion for summary judgment. Magistrate Judge Peebles correctly determined that the record before the Court is devoid of any evidence suggesting that Defendants Woodlock, Bosco, Nowicki, and Morgan were personally involved in the alleged constitutional violations. Further, the Report and Recommendation also correctly determined that the Eleventh Amendment precludes Plaintiff's claims for damages against Defendants in their official capacities.

Accordingly, the Court hereby

**ORDERS** that Magistrate Judge Peebles' Report and Recommendation is **ADOPTED** in its entirety for the reasons set forth therein; and the Court further

**ORDERS** that Defendant's motion for summary judgment (Dkt. No. 24) is **GRANTED**, and that all claims against Defendants Kristin Woodlock, Maureen Bosco, Jeffrey Nowicki, Terri Maxymillian, and James Morgan, as well as all damage claims against the remaining four Defendants in their official capacities, are **DISMISSED**; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Order on the parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: February 6, 2015
      Albany, New York

Mae A. D'Agostino
U.S. District Judge